So I'm going to call the case of New Penn Financial, LLC v. Eichholz Ed Al 5-17-0100 Counsel, are you ready? Ready to proceed? Okay. Thank you. May it please the court, Amanda Bradley for Blue Horizon proposed intervener. I will talk to you about three areas and reasons why my client should have been allowed to intervene and why this case should be remanded and why the trial court should be reversed. First, the other intervener did not file a proper certificate of service when he proposed to intervene on December 5th which evidences that the trial court abused his discretion. When JCS, the other intervener, who was the second highest bidder, proposed to intervene, there was no certificate of service filed with his motion to intervene. There was no certificate of service filed with his injury of appearance. There was only a certificate of service filed with his notice of hearing. However, it was also deficient. His notice of hearing was to call up, along with the notice of hearing, for my motion to intervene. A certificate of service is to say who is served, how it is served, and when it is served, pursuant to Rule 11 and Rule 12, what used to be B3, now is B5. In Hubert's, the appellate court, under Rule 373, which functions like Rule 11, dismissed an appeal for failure to attach a good certificate of service. It was a harsh result. Why? It tells the court, do you have good jurisdiction? Here, there is no good certificate of service ever attached with any of JCS's filings. Never once did the trial court say, you need to ensure that everybody who is entitled to notice gets notice, that you are asking to be part of this case. Never once. How does that help your client? It shows that the trial court abused its discretion by allowing JCS in. Every order after November 17, 2015, should be stricken. We should go back to that date. That's a motion to continue. It was allowed by the court. That's the last time. And we should go to that date and go from that date forward. And I'm sorry, that's an order allowing a motion to continue at which both JCS and Blue Horizon and a representative of New Penn were there. At that point in time, the I-Colts and the other mortgage company had already been defaulted and were no longer part of the case. Further, the trial court also abused its discretion. JCS had filed its motion to intervene on December 5. On December 7, there's an order that says motion to intervene denied. That date, there are two motions to intervene pending. JCS was present in court. Obvious, because JCS signed the order. Whose motion intervenes denied? There is no record, and I realize that is to be construed against me. But which motion intervenes denied? We don't know. Is it JCS's? Is it Blue Horizon's? Again, the trial court has abused its discretion, and the order is very unclear. That is the second place the trial court has abused its discretion. The third place. Under 408, there are two types of intervention. There's permissive intervention and intervention as of right. We are not speaking to intervention as of right. There are two types of permissive intervention. There's intervention that depends on the stage of litigation or the statute, which would look at the stage of litigation and foreclosure, or if someone has a claim or a question in common. Here, there is the statute which would look at the stage of litigation or the foreclosure, which is defined under foreclosure law, asking questions of is it timely? Is there an interest? And here, is there an interest in the proceeds? JCS and New Pen wanted to find proceeds as only the dollars that would be realized as part of the sale. If that is the definition the court urges, then JCS also should not be allowed to intervene. If it is only money, then JCS has no interest in the dollars that were generated. Only New Pen does. And New Pen is already a party. They are the people who foreclosed upon the house. There are no claims there should be no other parties if it is only money. Rather, other courts have applied a much more expansive reading of what are proceeds. It is everything that is generated out of a foreclosure. Here, I urge the court to accept a definition that is everything the judicial deed. The judicial deed that would be generated out of the sale. The potential of collecting the deficit. And everything else that would be generated out of the sale. If there was a surplus, the right to collect the surplus. This was filed timely. On the day of the sale, the first motion to intervene was filed. That is when my client got his separable interest from the public. Before then, he had no interest in the house. I don't know if he knew it existed. He wants possession. That would be also what would be generated from the sale. The foreclosure sale. You bid on the house. You're the winner. Once it is approved to the court, you get a judicial deed. You go through some other steps. You have the right to possess the house. You may have to remove somebody that's living there. And you may have to do other things to make it habitable. But that is what is generated from the sale. That is the proceed that you seek from the sale. Counsel, we're looking at an abuse of discretion standard. Yes. Correct. Yes. And so, have the court abuse its discretion. Have the shopper abuse it. Obviously, it granted a motion for JCS, denied your motion. So that's what you're interested in. But, you know, the court now weighs factors. I mean, you've already described permissive interveners, right, both your client and JCS. The court weighed the factors, made its ruling. How are we to, you know, look at overturning that? Well, under 1508, the court had four reasons to not confirm the sale. There was no notice given that JCS wanted to intervene. They didn't file a proper certificate of service. They didn't file a proper certificate of service with their entry of appearance, their notice of hearing, or their motion to intervene. The court would also need to look at the questions of unconscionable, fraud, or was justice otherwise not done. Here, we argue that justice was otherwise not done. Why? The notice of sale that the court orders says the sale has to happen in the courthouse lobby on September 22, 2016. Courthouse lobby, not anywhere else. What happens, according to everybody's pleadings, is the sale starts at the courthouse lobby. Bidding happens. They leave the courthouse lobby. Once they leave to go over to the selling officer's office to finish the paperwork, it's determined that my client's cashier's check is not in his pocket, it's on its way. Bidding resumes. The second bid is accepted. And the sale is completed. New pen is maybe there, maybe not there. We don't know. There is no record of the arguments on the motion to intervene. Again, I know that is construed against me. However, the order says the new pen has to be part of the bidding, and the bidding is to take place at the courthouse lobby. This is the court's function to see if justice was done with the sale and its order was followed. But its order was not followed. And that new pen was not there, and that the bidding did not take place at the courthouse as it had ordered. Thus, again, the court abused its discretion by not ensuring that its order was followed there. The sale itself was irregular. There is a long line of cases, amulets and others, that have looked at where sales are irregular. If it's determined while the sale is going on that something's going on that's not quite right, and the sale resumes as the court has ordered, that's fine. But if it's determined after the sale has ended, then the sale needs to be set aside and a new sale needs to be held. Because the public, as the Supreme Court has explained, needs to have faith in the process of foreclosure. That's been part of the Supreme Court's push, is to have public faith in the foreclosure process. Throughout, it's a balancing process. Each person has rights, and the court has to look at whether the rights of the mortgage holder, the person getting foreclosed upon, and the bidding public have all been protected so that we all have faith in the process, that it's been done correctly, and according to the processes, procedures, and court's orders, to make sure that it's all been done according to how it's supposed to be done. When it hasn't been, there is no faith in the process. I'm just curious, is this part of the practice of the county where this case arises, that then I have to be in the courthouse lobby and go over to the one conducting the sale, that our office is just something that's routine in that county? To answer your question, the first time I saw one of these done, I thought the person making the sale was somebody who was mentally ill, and then I saw them leave with a couple of people, and so I would assume that's how it's done, but I've never left with the selling officer, so I don't know personally if it's usually done at the selling officer's office, but I know that I've seen the selling officer speaking to themselves, offering preference. They'll call off 123 Main Street starting at $10,000, but the first time I saw it, I thought they were mentally ill and talking to themselves. Wasn't there something in there where it has to be a certified, where you have to pay by a certified check? Yes. So in other words, the only banks can bid, the only cashiers, people who can certify, how could you certify a check in the bank lobby when the bank doesn't even, or the courthouse lobby when the bank doesn't even know? I don't think you really can. So you can't have a sale there, is that what you're saying? That's really what I am trying to say, is that unless you bring an amount that would exceed the foreclosure amount, you probably can't bid. Well, who can make change? What? Or if you brought a series of $100 certified checks and paid them out like you usually do. Don't you present the check within a day, that day? Or a certified check? You present the certified check at the selling officer's office. That day, usually? Yes. They're paying you this paperwork that has to be filled out, that gets filed with the courts, that's a deed. So you're attacking the notice also? I am attacking the notice as well. The order says you have to do these things, so you have to pay for the property. A certain way? A certain way. And it doesn't say it has to be... You could use cash the way I read it. You could bring $100,000 in cash. Cash can't bounce. It bounces. But it says... Then they say 25% by certified funds. Right. Well, how do you come up with your 25% without having the person at the bank that then meets you? What if they get held up in traffic? So you're arguing about the order itself? Yes. I'm arguing that the order and the notice are different. And the court didn't look at that question of the order and notice are different. The court's order is it happens at the courthouse lobby pursuant to these terms. It happens... So the sale 1 happens at the courthouse lobby pursuant to these terms. Everybody leaves. We go to the selling officer's office. They show up. Was I bidder there? Yes, and that's my client. He bet $30,001. Bidder 2... And they couldn't produce a check. It was on its way. That is correct. I didn't see that it was on its way. Is that in the evidence? Yes, it is in the record. Where was it? It was being delivered by my... There are two people that are part of Blue Horizon. Bidder and money giver. Money giver was on his way from the bank with the correct amount for the certified check. And that's in the record? I mean, it's in the record. Hey, on its way. We'll be here in 30 minutes. I didn't catch that first. Where is the record set? It is in the affidavit that was filed in January of 2016. Was all that part of your motion to intervene? Yes. And was that all before the judge when you ruled on the motion to intervene? Yes, I believe. So it will all be in the record? Yes. It was in the affidavit of January 2016. I was not trial counsel. So, and there is no record of the argument despite trial counsel avowing to me that he put it on the record and I begged the court reporters to listen to to see if it had gotten mixed into somebody else's tape. But if this court finds that it was not an abuse of discretion to not grant the motion to intervene, then all of your other arguments failed. Yes. Except for potentially the lack of certificate of service of JCS, which the court can look at the question of jurisdiction of the trial court to bring it. You're saying that's a jurisdictional issue? It is. Huber says it is. In Huber... If you're not an intervener, how can you raise that? I think the court can look at it to respond to it. The court can always question proper jurisdiction before it's responding. So you're suggesting we look at the jurisdiction to... So again, I would ask that the court remand and look at the question of was substantial justice done and allow my client to intervene to ask the question, was substantial justice done with the bidding process and have a hearing held as to the bidding process that happened on September 22nd, asking was a court's order followed and who is the proper high bidder and which bid should be accepted. I would argue that NewPen would want the highest bidder by a couple thousand dollars to be accepted, but that's not really what is pending before the court. The question is should my client be allowed to intervene to ask that question of whether substantial justice was done on that date and should the sale to the second bidder happening at the second location not in conformity with the court's order be accepted. Shouldn't this court grant deference to the trial court about how to conduct its judicial sales? It should grant deference unless there have been substantial irregularities with the court's order of which there are, with the sale happening at the second location and not in conformity with its orders. The court should question that so that we have faith as the public in the process of foreclosure. Thank you. Unless there are further questions. Thank you, Counsel. Good morning, Your Honors, and may it please the Court. My name is Rebecca Childers. I represent NewPen Financial doing business at Shell Point. This Court should affirm the trial court's decision to deny Blue Horizons' motion to intervene and to approve the sale for three reasons. First, the trial court properly denied Blue Horizons' motion to intervene because it had no interest to the sale proceeds under the applicable section. The parties agree that that section is 15-1501E3. Second, there are no irregularities in the sale. And third, Blue Horizons has failed to show the trial court abuser's discretion as far as the trial court confirming the sale. Counsel, you know, let's face it. You look at this and the Blue Horizons, you know, they were the high bidder, but they didn't have the proceeds, okay? But, I mean, it just seems like, I mean, why wouldn't they have an interest in this litigation? I mean, they've got an interest in acquiring the property for sure. So, you know, I'm just puzzled. Why wouldn't the trial court allow them to intervene? It seems like they have an interest because they get the property, you know, if their bid is successful they would have had the money to purchase, you know, at the time of the sale. Well, I think, Your Honor, it's important to look at the fact that even JCS wasn't allowed to intervene until the same day that the court entered the order confirming sale. Once the court entered the order confirming sale, JCS had a clear interest because it was determined to be the new owner of the property pursuant to the judicial sale. Now, that's something that never happened for Blue Horizons. And at the time when Blue Horizons brought its motion to intervene, it presented all the same evidence to the court, and the parties had argument at that time. And the challenge to the notice of sale was made, and it failed at that time. And that's part of our argument here, Your Honor, is that the notice of sale and the way that the sale was conducted was perfectly appropriate and in line with what typically happens. So the notice of sale was filed in the trial court on August 22nd and said the sale would proceed on September 22nd at the St. Clair County Courthouse, and that's exactly what happened. Counsel, was the argument on the motion to intervene on the record? I was not present at that time, so I can't speak to whether it was on the record. But I can say that it does not appear that there's a record of that. Was there any kind of record about what transpired off the courthouse premises when the sale was moved over to the office of the seller? Only the parties' representations to the trial court. Was that by affidavit in terms of representations to the court and arguments on motions to intervene? Yes, Your Honor, they're submitted via, they did an oral argument, but they also submitted their respective arguments via briefs to the court. Are there sworn affidavits attached that have all those from both sides about what transpired? There is an affidavit from a person at Blue Horizon stating that the sale took place at the courthouse, but then the affidavit admits that the person wasn't able to tender the 25% check for a certified fund, and as a result, the sale went to the second bidder, which was the second highest bidder. Obviously, we need to look at that affidavit that the court will, but do you agree with the representation that, you know, is it presumed by form of affidavit or otherwise that, hey, the money was on its way, and is that in the record? Well, the affidavit says the money was on its way, but it doesn't provide any type of timeframe for where the money was, where the person was, if it was going to be delivered in 30 minutes, if it was going to be delivered the next day. The notice of sale says that the successful bidder is required to put down 25% via certified funds at the close of sale. Typically, a person is going to bring to the sale a certified check for 25% of the highest amount they're willing to bid on, or you can bring a check for whatever amount. You can bring it for the whole amount you've determined that you would like to bid on, because the remaining funds are due within 24 hours. So what happened in this case is that the sale was conducted, the highest bidder was accepted as initially to be home front, but they didn't have the funds. So, you know, counsel has characterized this as the sale was reopened at a different location. The sale was never reopened. What happened was the second highest bidder was given the opportunity to submit the funds because they were the second highest bidder. At that point, they were the only highest qualified bidder because they were able to present the 25% check for certified funds. That was the amount that they had bid at the courthouse? Yes. It was never a different amount. So there wasn't a reopening of the bidding process then? Exactly, Your Honor. There was no reopening of the bids to say what are the bids, or there was no reopening of the auction. It was simply that the second highest bid was accepted. That's undisputed within the record. So we think it's clear that, you know, there is no irregularities in the sale. As to going back to the Section 1501E3 standard, that section specifically says that a person who has or claims an interest in a mortgage real estate may appear and become a party on such terms as a court making just for the sole purpose of claiming an interest in a mortgage real estate. That wasn't the case here for Blue Horizon because they didn't have any interest in the proceeds of sale. And the argument has been made by Blue Horizon that you shouldn't read that section so restrictively. But there is no argument before this Court that that code section is ambiguous. Therefore, the only reading that can be assigned to it is the plain language of the statute. The plain language of the statute says an interest in the proceeds of sale. That simply is not the case here. And to the extent of the other argument that I think we touched on a little bit earlier is that there's a counsel likely to use an interpretation as anything that is generated out of the foreclosure as a proceeds of sale. We would say that that is an incorrect interpretation, but even using that interpretation, Blue Horizon wouldn't meet that standard because they never actually had the distributive sale was only in the name of the proceeds of sale. So they never were the successful owner of the property. Let me ask you a hypothetical. When the sale was transferred to the other location, if Blue Horizon had appeared with a cashier or certified check in the amount that was necessary, would they then have a right to intervene? I think that would be up to the trial court's discretion, but I think the court would have taken a different approach to determining that question. If the trial court had denied it at that time, would it be an abuse of discretion? We find that was an abuse of discretion. If they actually submitted a deposit for the amount and it was accepted, I think there is precedent that says the judge could allow them to intervene, but that just wasn't the case here. There was no money tendered from Blue Horizon to the selling officer. We wouldn't be here, would we? I think I also briefly touched on my second point already, that there were no irregularities in the sale. The way that the sale was conducted, as a practical matter, the office where you submit the 25% of certified funds, it's in the record as Lechen and Lechen, which is across the street from the St. Clair County Courthouse where the sale was conducted. So you walk across the street and you submit your check, and at that point the sale is concluded. The issue is that that did not happen here. But the sale did proceed in accordance with the notice of sale that was filed with the court. That is a part of the record. It was filed August 22nd. Lastly, Your Honors, as it relates to the court's order confirming the sale, the parties agree that that's governed under 15-1508. And that section has been determined to be a mandatory section in that it says the court shall conduct a hearing and confirm the sale unless it finds one of four enumerated issues. And that includes the notice of sales required to be in accordance with the Illinois Mortgage Foreclosure Law, Section 1507. Or you could, if the court determined that the sale was unconscionable, it was conducted fraudulently, or justice was not otherwise done. So in Moving Horizons 3, it's not filled out which section she would like the court to determine, when the sale was, or the confirmation order was improper. So we would submit that she, this argument is underdeveloped. There's no argument that any of the four requirements were not met, so the confirmation order should be upheld. And to the extent that today there was discussion of the notice being improper, there was no new sale conducted off-site. So, you know, it was just the opportunity for the second highest bidder was given to provide the funds, and that's what happened. And there are really no irregularities to the sale. Does that all appear in these affidavits? Is that a part of the record? It is a part of the record. The notice of sales says that it has to be conducted according to the terms of the notice. And the parties agree that it was conducted and that the second highest bidder was JCS, and the parties agree that Blue Horizon was not able to provide the funds. And the notice specifically says they're due at the close of sale. So that's the time period we're dealing with here based on the terms of the notice. And the affidavit that Blue Horizon submitted, it doesn't say when the funds were going to be delivered. There's no evidence in the record to say they were on the way within five minutes. That's just simply not a part of the record. We would submit even if it was a part of the record, it says due at the close of sale, so that means immediately. But in this case, I think the inference would need to be drawn against the appellant to say that there is nothing in the record to say when the funds would have ever been delivered. Thank you, counsel. I believe Mr. Walker, I know you split up your time a little bit. Yes, Your Honor. I'm never good at sharing time. Your Honor, I'm going to try to address several points that Justice Miller and Justice Overstreet brought up. One thing is the affidavit is A45, and it says very clearly, very specifically, I was ready, willing, and able to deliver the 25 percent of the bid to the Judicial Sales Corporation, period. Didn't say it was on its way. Says ready, willing, and able. Not that I'm an authority, but I've done hundreds and hundreds of foreclosures since 1978 in Madison County, St. Clair County, Jackson County, for all the banks out of St. Louis. And the procedure is this. You give notice in the paper. You set a sale date. You show up with a sale date. You put in the notice a percentage of money that's going to be brought to certified funds or cash. You conduct the sale. The highest bidder gets it if they have the cash or the certified funds. If they don't have it, it goes to the second highest bidder, who has the second certified funds or the cash, or the third, who's ever got the certified funds or cash for the notice, gets the property. There was no brief re-opening of the auction or the sale in this case. It went to the highest bidder over to close the papers, give you the funds. There's no funds when it goes to the second highest bidder in this case. Judge Gilbert, one time, he and I were in a battle down in Jackson County on a piece of property in my bank. I was involved with property. It was a bunch of apartments next to SIU Carbondale. It was a good investment. Judge Gilbert showed up with cash, over a million dollars, with his client. So he made sure that his bid was there. In question to the judge, what about how much do I show up with? I'm not a bank or anything. What people do, and I represent people that go and bid on property, is you figure out what your highest bid is going to be on the property. These people are sophisticated. They look at the property. There's no inspection, but they look at it. If they determine the best I'm going to bid is $40,000, then they get a cashier's check for $10,000 and show up with it. You're not going to go past $40,000 because they got their 25%. That's the way it's done time and time out. Is it done differently in St. Clark County versus Madison County, Jackson County? No, it's not. It's done the same way. It's the same procedure that's done. As far as the abuse of discretion, what we have here is this is ran statutorily. The statute proceeds with it. In this case, what's interesting, they want you to say, Judge Rudolph abused his discretion, yet they said never ask because there's no recording from the first arguments. In Belleville, it's a little different than most places, different than Madison County where I'm from. In Belleville, the judge will pick up the phone and say start recording. It's really simple. You don't have to wait for a court report or anything, but they got court reports. There's no electronic recording. If there's a second hearing on the motion to intervene, they did ask for it and it didn't happen again. There's no record. Then the next thing is there is no affidavit in anything of a summary, which you were mentioning earlier. There's not even a summary of that by anybody in anything. Are you referring to a bystander's report? Yes, sir. There is one. They're asking you to de novo really, Judge Rudolph, because there's no record of what was said or what was done in that situation. In my 40 years as to what I'm made of doing, if you want a record, you can ask for a record. That's very clear. I've never been denied a record by you. Are you suggesting that's a fooch problem, fooch representing the case that the burden is on the appellant to supply the record? I think it's a burden on the attorney to ask for the record if they want a record. My experience is most of the time the judge will ask you if you want a record, and I'll either say yes or no. And the other side, they ask too, yes or no. But I think it's on the burden of you asking, especially if the first time you don't have a record and you were denied and you're in there a second time. I want a record on that, of what's going on here. And I think it's really, really important. The proceeds, we're talking about proceeds of the sale. Proceeds of the sale, JCS, my client, had an interest in the proceeds of the sale when he was allowed to intervene because the proceeds is their money. They put the money up. The money is their money. They have an interest in it, where Blue Horizons had no money in the deal. So when you come down and say JCS had no interest in the proceeds, the money, it was their money. So if they don't get the property, they want their money in return, so they have an interest in that money. Blue Horizons had no interest in the money. The sale wasn't irregular. I would say this from, like I said, 40 years' experience coming this May, that you're probably looking at maybe a handful of times it happens that the top bidder doesn't have their money and it goes to the second highest bidder. But it's a rare situation. But it does happen. It has happened in the past. And that's what happened in this case. A person reads the notice and they show up without any money to put up for the bid. And like I said, they didn't say it was on its way in their affidavit. You read 845, what they said is black and white, what it says there. There were words of record from the court, either from bystanders, somebody from the recording, anything, to say what did Judge Rudolph hear? What was his decision? What did he evaluate? I assume that there were arguments from all sides. No record, but I assume there were arguments from all sides. And they're asking you, this court, to stand in and figure out what was said and what was done. This sale was not irregular. This sale was done properly. The first bidder didn't show up because they were supposed to show up. It was clearly publicized for that. The second bidder did and was struck to the second bidder, which is also proper in the line that the first bidder can't meet the requirements. And the requirements are done so you don't have people foolishly showing up and making all kinds of bids. And then you've got to go back to the judicial economy and the economy for the parties and stuff. And we do the – because you can't just come back and say, well, we'll have a sale next week. You've got to republish again because you've got to notify everybody. That's when it goes to the second bidder. The first bidder cannot perform. And in this case, the first bidder knows what they have to have. They show up without what they have to have. And they say, I am ready, willing, and able to deliver the 25 percent of the bid to the judicial sales corporation. They're supposed to have it with them. The sale, as I recall now, takes place at the lobby of the courthouse. And then after the sale, then, hey, we're going to go across the street. Yes, sir. What usually happens is when Melvin Price, his statue there, they stand there off to Lafayette, if you're looking out Main Street, and they put the property up for sale. They usually have several pieces of property up for sale. And they ask for bidders on the property. They go through a bid. And then they go across the street because there's all kinds of people. The only desk there is a security desk, and that's it. You can't get around the security stuff. So you have to go across the street to the judicial sales office and have them execute everything. And that's when you get the funds and you give them the paperwork. It didn't happen in this case because when we asked for the funds, we don't have it. And so it goes to the second highest bidder, if they've got it, and they had their certified funds. In fact, their funds were in excess of the 25, but they had the rule, I have one bid in excess of it. That's what it comes down to. So everybody complied except for Blue Horizons. And Blue Horizons now wants this court to go back and do it all over again because Blue Horizons didn't do their job. And they want this court to come back and say Judge Rudolph abused his discretion, but we don't even know what was said or done in that courtroom because there's no record of it. Any other questions, Your Honor? Thank you very much. Just briefly. On 845, trial counsel wrote, I was ready, willing, and able. It means I was able. I had the money. Rather the person bringing me the money had the money and it's on the way. That's what that says to me. Ready, willing, and able. I've made a career litigating guardianship cases. Willing and able from A.W. means I have the ability to do this right now. And it's going to happen. It doesn't mean it's going to happen in six months. It doesn't mean it's going to happen in six hours. It means it's about to happen. Further, they argue it's undisputed that there were only the three bid amounts, whereas on 849, trial counsel writes about some different bid amounts, namely at paragraph 5 versus paragraph 8. It says at the courthouse, New Pan bid $30,000. New Pan wasn't at the office of Lesheen and Lesheen, the selling officer. They weren't there to offer their $30,000. JCS was. New Pan was. So what happened? Well, that's construed against me, and, yes, I know there's no bystander report. I got into this after a bystander report was to be offered to this court. Now, what is the interest in proceeds of a sale? Proceeds of a sale is either money or the items generated from the foreclosure, the judicial deed and all of the ability to collect the surplus or the deficit. It's one or the other. Either it's the very narrow definition, which would allow not JCS and not New Pan or not Blue Horizon, or it's the broad definition and it allows both of us in. If it's the broad definition that allows both of us in, then the court has abused its discretion by not allowing both of us in. Here the court has abused its discretion by not asking questions. What happened at the sale? What went down? Was the sale resumed? Was it not? Was the certificate of service back? Was it not? And as such, we need to go back in time, setting aside every order from the last order to continue, and seeing what happened. And, yes, I am aware that you can pick up the phone and get a court reporter on and have a transcript taken. However, what does happen in St. Clair County is there will be 3, 4, 5, 8 motions in a row, and occasionally the first number, case number 17CH245, and they will all get numbered that way, even if you ask for one. So if I argue case number 78, my case number could end up as 245, even if I ask for a transcript. It does happen. Should there have been a transcript taken? Yes. And will it be construed against me? I'm very well aware of that. I'm not arguing what didn't happen, and I know I'm construed to the record. However, trial counsel did sign that there were various bid amounts made on September 22, 2016, and there's an affidavit that other bid amounts were made. I think that is enough to show the court should have asked questions so that we can have faith in our foreclosure process. As such, with the other problems that do exist as part of this record, I think the trial court has abused its discretion. As such, a remand is proper to see what happened and to resume the sales process to make sure that there is faith in our foreclosure process. And I would ask this court to remand the matter to have a new sale occur according to the court's orders so that New Penn can get their maximum dollars for their foreclosure process. Thank you, Your Honors. Thank you, Counsel, for all of your arguments. The court will take this matter under advisement. Thank you.